UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| F.I.M. CORP., et. al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, et. al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:14-cv-00630-MMD-WGC<br><br>**ORDER** |

The court has reviewed the parties' Status Report and Request for Special Consideration Pursuant to Local Rule 26-1. (Doc. # 31.)[1]

The parties identify the following areas of disagreement: (1) whether Rule 26's initial disclosure requirements apply to this action, and whether Plaintiffs may conduct discovery relative to their equitable estoppel claim; (2) the timing of Defendants' lodging of the administrative record; and (3) whether further proceedings should be stayed pending resolution of the venue issue by either the Multidistrict Litigation (MDL) panel or District Judge Miranda M. Du.[2]

The parties appear to generally agree that a party may not conduct civil discovery in an action for judicial review of agency action brought pursuant to the Administrative Procedures Act (APA). This is consistent with well settled law that judicial review of agency action under the APA is generally limited to review of the administrative record. 5 U.S.C. § 706; *see also Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("'[T]he focal point for judicial review should be the administrative record

---

[1] Refers to court's docket number.

[2] Defendants conveyed their intention to file a motion to stay proceedings. As such, a determination on whether further proceedings should be stayed pending resolution of the venue issue will be addressed in due course, following completion of briefing on this motion.

1    already in existence, not some new record made initially in the reviewing court.' The task of the
2    reviewing court is to apply the appropriate APA standard of review to the agency decision based
3    on the record the agency presents to the reviewing court."). Plaintiffs argue, however, that they
4    are entitled to conduct discovery relative to their equitable estoppel claim in Count VII, because
5    it is separate and apart from the claims brought under the Endangered Species Act (ESA)/APA.
6    Conversely, Defendants maintain that the estoppel claim is derived from the ESA/APA claims,
7    and as such the scope of review is limited to the administrative record. Neither of the parties
8    provide any authority in support of their respective positions, and the court believes that further
9    briefing on this issue is warranted.

10   Plaintiffs shall file on or before **APRIL 29, 2014** a brief with authority in support of their
11   position that discovery is appropriate with respect to its equitable estoppel claims. The brief shall
12   also identify what discovery Plaintiffs anticipate is necessary in order to prove the elements of
13   their equitable estoppel claim.

14   Defendants shall file a response on or before **MAY 13, 2014.**

15   Plaintiff may file a reply brief on or before **MAY 20, 2014.**

16   The court will defer ruling on the timing of Defendants' lodging of the administrative
17   record until after briefing on this issue is complete.

18   **IT IS SO ORDERED.**

19   Dated: April 15, 2015.                          _____
20                                                   WILLIAM G. COBB
                                                     UNITED STATES MAGISTRATE JUDGE