UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| F.I.M., et al., | Case No. 3:14-cv-00630-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | |
| Defendants. | |

## I. SUMMARY

Before the Court is Defendants' Motion for Stay Pending Resolution of Venue ("Motion"). (Dkt. no. 34.) Defendants requested expedited review and the Court imposed a shortened briefing schedule. (Dkt. no. 35.) Plaintiffs filed a timely response and Defendants filed their reply. (Dkt. nos. 39, 40.) For the reasons discussed below, Defendants' Motion is granted.

## II. BACKGROUND

Plaintiffs challenge Defendants' decision to settle two private lawsuits ("Settlements"), alleging that the Settlements resulted in unlawful modifications of U.S. Fish & Wildlife Service's ("FWS") statutory obligations under the Endangered Species Act ("ESA"). (Dkt. no. 18.) Those allegedly impermissible alterations include Defendants' failure to follow procedural requirements for classifying a candidate species and Defendants' imposition of arbitrary listing determination deadlines. (*Id.*) The two lawsuits underlying the Settlements were part of twelve actions against FWS that were

consolidated into a multidistrict litigation in the U.S. District Court for the District of Columbia ("the MDL Court"). (*Id.* ¶ 55.) Plaintiffs allege that the unlawful effects of FWS's Settlements are particularly important to two species in Nevada that are identified as candidate species and covered by the Settlements — the Greater Sage Grouse and the Bi-State Distinct Segment of the Greater Sage Grouse. (*Id.* ¶ 8.) Plaintiffs' initial Complaint asserts six claims under the ESA, the Administrative Procedure Act ("APA") and the United States Constitution. (Dkt. no. 1 at 36-47.) Plaintiffs later amended their Complaint to add a seventh count for equitable estoppel. (Dkt. no. 18 at 48-50.) Among other relief, Plaintiffs seek a declaration that FWS has violated the ESA and the APA by entering into the Settlements.

Plaintiffs filed the Complaint on December 4, 2014. (Dkt. no. 1.) In response, Defendants moved to transfer venue to the MDL Court. (Dkt. no. 15.) On February 6, 2015, the Clerk of the United States Judicial Panel on Multidistrict Litigation ("the Panel") issued a conditional transfer order ("CTO") transferring this case to the MDL Court. (Dkt. no. 19-1.) Plaintiffs have opposed transfer and have moved to vacate the CTO ("Plaintiffs' Motion"). (Dkt. nos. 21, 25.) The Panel recently issued a Notice of Hearing Session, identifying Plaintiff's Motion on the list of matters designated for consideration without oral argument at its next scheduled session on May 28, 2015. (Dkt. no. 30-1 at 12.)

Defendants seek a temporary stay of all non-transfer-related proceedings pending the Panel's resolution of Plaintiffs' Motion or the Court's disposition of Defendants' Motion to Transfer Venue (dkt. no. 15). In opposing Defendants' Motion, Plaintiffs contend that they are not demanding the immediate filing of the administrative record or briefing on claims relating to the Settlements that are relevant in an Oklahoma case that has been transferred to the MDL Court. Rather, Plaintiffs ask the Court to resolve the parties' immediate discovery dispute regarding Plaintiffs' estoppel claim.

///

///

## III. DISCUSSION

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Pate v. Depuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)) (internal quotation marks omitted).

These three factors weigh in favor of a brief temporary stay. A temporary stay would promote judicial economy and avoid duplicative litigation, particularly given the preliminary determination by the Panel that this case "involve[s] questions of fact that are common to the actions previously transferred" to the MDL Court. (Dkt. no. 19-1 at 2.) A stay would also avoid potential duplicative rulings on the parties' anticipated discovery disputes.

Plaintiffs argue that there are compelling reasons to permit immediate discovery on their estoppel claim, which, they allege, is unique to this case and has not been previously raised. One of the reasons involves a 95-year-old witness who is a resident of Nevada, and who has expertise and information pertinent to Plaintiffs' estoppel claim. The age of a significant witness is a compelling reason for the parties to conduct discovery to capture the witness's testimony, and, in turn, to utilize the witness's knowledge to advance discovery. But the duration of Defendants' requested stay is brief. The Panel has scheduled Plaintiff's Motion for consideration at its meeting on May

28, 2015, which is approximately three weeks from now. Any potential prejudice to Plaintiffs from the stay and commensurate delay in discovery would be minimal in light of the stay's short duration.

The Court therefore grants Defendants' Motion. All non-transfer-related proceedings are temporarily stayed pending a decision by the Panel on Plaintiffs' Motion. Plaintiffs may seek reconsideration in the event the Panel does not issue a decision on Plaintiffs' Motion by June 5, 2015.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants' Motion for Stay Pending Resolution of Venue (dkt. no. 34) is granted. All non-transfer-related proceedings are temporarily stayed pending a decision by the Panel on Plaintiffs' Motion. Plaintiffs may seek reconsideration in the event the Panel does not issue a decision on Plaintiffs' Motion by June 5, 2015.

DATED THIS 7th day of May 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE